UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. LEON, DUX708,<br>   Plaintiff,<br>  v.<br>ERIC S. GEFFON, Judge, et al.,<br>   Defendant(s). | Case No. 21-cv-01097-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 2) |

  Plaintiff, a pre-trial detainee at the Santa Clara County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 challenging the bail consideration hearing held, and the bail amount set, for him by the Santa Clara County Superior Court. Plaintiff specifically alleges that the presiding judge and prosecutor (Santa Clara County Superior Court Judge Eric S. Geffon and Deputy District Attorney Vicki Gemetti) denied him due process and equal protection in connection with the bail consideration hearing by, among other things, failing to make findings and inquiries regarding his financial ability to post bail and less restrictive conditions of release, and that the bail set for him at $1,500,000 constitutes excessive bail in violation of the Eighth Amendment.

  Plaintiff seeks "100.00 dollars for each day in jail" or to be "released" (presumably on his own recognizance or based on his posting a much lower bail amount, or, as he suggests, by having the "government . . . pay for ordered excessive bail"). Compl. (ECF No. 1) at 3. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**DISCUSSION**

A. Standard of Review

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

1   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief
2   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id.
3   § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police
4   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a
6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7   violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S.
8   42, 48 (1988).

9   B.   Legal Claims

10        "'Federal law opens two main avenues to relief on complaints related to imprisonment: a
11  petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871,
12  Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or
13  to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547
14  U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's
15  challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

16        Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier
17  release'" from confinement.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson
18  v. Dotson, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not 'necessarily spell
19  speedier release,' however, suit may be brought under § 1983.'"  Skinner, 562 U.S. at 533-34
20  (quoting Wilkinson, 544 U.S. at 82).  In fact, a § 1983 action is the exclusive remedy for claims by
21  state prisoners that do not "lie at the 'core of habeas corpus.'"  Nettles v. Grounds, 830 F.3d 922,
22  931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).  A claim
23  that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas
24  corpus because "its success would release the claimant from confinement or shorten its duration."
25  Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2014) (citing Preiser, 411 U.S. at 500).

26        Here, to the extent plaintiff seeks to be released from his pre-trial confinement – be it on
27  his own recognizance or by the posting bail – his exclusive remedy is to file a petition for a writ of
28  habeas corpus under 28 U.S.C. § 2241 after exhausting available state judicial remedies.  See, e.g.,

Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) (where California pre-trial detainee alleged constitutional violations at bail hearing, and Younger abstention was not appropriate because bail hearing is separate from state prosecution and detainee had exhausted state judicial remedies, case remanded to district court with instructions to grant a conditional writ of habeas corpus, providing that the writ issue unless the state superior court conducts a new constitutionally compliant bail hearing within fourteen days). And to the extent plaintiff seeks damages based on the alleged shortcomings at the bail consideration hearing and in the setting of bail at $1,500,000, he is out of luck because it is well established that a state judge is absolutely immune from damages under § 1983 for actions performed in his judicial capacity, see Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to § 1983 actions), and a prosecutor is absolutely immune from damages under § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (applying prosecutorial immunity to § 1983 actions).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to plaintiff filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 after exhausting state judicial remedies.

Based solely on plaintiff's trust account statement, which has a reported balance of $2,647.63, his application for leave to proceed IFP (ECF No. 2) is DENIED.

**IT IS SO ORDERED**.

Dated: March 22, 2021

_____
CHARLES R. BREYER
United States District Judge